### 13918.  WASHINGTON LOAN & BANKING CO. v. NATIONAL BANK OF WILKES et al.

1. An instrument passing title to growing crops is not a bill of sale to personalty; and where such an instrument was executed before only one witness, its admission to record, prior to August 21, 1922, was improper, and such record does not constitute constructive notice.
2. Assuming that such an instrument would, upon a severance of the crops from the realty, be by that fact transformed into a bill of sale of personalty, its admission to record before such transformation would not be a record of the transformed instrument.
3. The renewal, or the extension of the time of payment, of an existing unsecured indebtedness is a sufficient consideration to support a bill of sale of personalty, made without other consideration, for the purpose of securing such indebtedness.

DECIDED MARCH 17, 1923.

Trover; from Wilkes superior court — Judge Shurley.  August 10, 1922.

The National Bank of Wilkes, without objection, intervened in a suit in trover instituted by the Washington Loan & Banking Company against the Washington Warehouse Company, which had in its possession cotton, the receipts for which had been transferred to the National Bank of Wilkes by Frank Harper as security for a past indebtedness due by Harper to the National Bank of Wilkes, which indebtedness, at the time of the transfer, was renewed and extended, and to which cotton the intervening bank claimed title.  The Washington Loan & Banking Company claimed title by virtue of a bill of sale made by Frank Harper, covering the cotton in question when it was a growing crop, which bill of sale had been executed in the presence of only one witness, and in six days thereafter (June 10, 1920) had been admitted to record.  This was the only record of this bill of sale.  The court directed a verdict for the National Bank of Wilkes.  To this the Washington Loan & Banking Company excepted.

*Colley & Colley*, for plaintiff.

*C. E. Sutton*, contra.

STEPHENS, J.  (After stating the foregoing facts.)

1.  Prior to the act of August 21, 1922  (Ga. L. 1922, p. 114), growing crops were regarded as a part of the realty, and a conveyance thereof was not a bill of sale to personalty.  Where such a conveyance was executed before only one witness, its admission to record was improper, and such record therefore does not con-

stitute constructive notice. *Farmers Warehouse Co. v. First National Bank of Milledgeville,* 152 Ga. 262 (109 S. E. 900).

2. Assuming, as contended by the plaintiff in error, that the deed could, upon a severance of the crops from the realty, be by that fact transformed into a bill of sale to personalty, its ineffectual record as a deed to part of the realty will not thereafter be thereby transformed into a record of a bill of sale to personalty. The record, being but a copy of something as it existed, can not change. It speaks the truth as of the time when it was made. If it then spoke as a record of a deed to realty, it continued forever to speak its character as such. No change or transformation afterwards in the instrument recorded altered this photograph of itself which had been left upon the record. If the record when made never became constructive notice of the instrument it purported to record, it never became constructive notice of the instrument after the latter by some metamorphosis became something else.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*